IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER BLAIR GALT | * | |
| | * | |
| v. | * | Civil Case No. CCB-16-3368 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |
| ************ | | |

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' dispositive cross-motions, and Mr. Galt's reply. [ECF Nos. 10, 11, 12]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part pursuant to sentence four, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

In 2012, Mr. Galt filed applications for Disability Insurance Benefits, Supplemental Security Income, and Child's Insurance benefits, alleging a disability onset date of February 1, 2009. (Tr. 228-244). His applications were denied initially and on reconsideration. (Tr. 165-76, 180-85). An Administrative Law Judge ("ALJ") held a consolidated hearing on all three applications on December 3, 2014, at which Mr. Galt was represented by counsel. (Tr. 40-74). Following the hearing, the ALJ determined that Mr. Galt was not disabled within the meaning of

the Social Security Act during the relevant time period. (Tr. 20-39). The Appeals Council denied Mr. Galt's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Galt suffered from the severe impairments of degenerative disc disease, history of attention deficit hyperactivity disorder, learning disorder, depression, history of substance abuse, and obesity. (Tr. 26). Despite these impairments, the ALJ concluded that Mr. Galt retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except simple routine tasks that entail a sit or sit [*sic*] defined as done in a sitting or standing position. She [*sic*] can only occasionally interact with the public, co-workers or supervisors.

(Tr. 29).[1] After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Galt could perform jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 33-34).

Mr. Galt disagrees. He argues (1) that the ALJ failed to properly apply Listing 12.05C; (2) that the ALJ erred in assigning weight to the medical sources; (3) that the ALJ erred in evaluating his credibility; and (3) that the ALJ's hypothetical to the VE violated the Fourth Circuit's decision in *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015). I agree that the ALJ erred in applying Listing 12.05C and in posing a hypothetical question to the VE that violates *Mascio*, and I therefore recommend remand. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Galt is not entitled to benefits is correct or incorrect.

First, Mr. Galt alleges that he met the criteria of Listing 12.05C, and that the ALJ improperly applied that listing. A claimant bears the burden of demonstrating that his

---

[1] Although not an independent basis for remand, the significant errors in and poor wording of this RFC assessment render it nearly incomprehensible, particularly from the perspective of a layperson claimant. For example, the way it is written, the RFC assessment suggests that the claimant can perform all light work except for "simple routine tasks," which is presumably not what the ALJ intended. (Tr. 29).

2

impairment meets or equals a listed impairment. *See Kellough v. Heckler*, 785 F .2d 1147, 1152 (4th Cir. 1986). Listing 12.05 governs intellectual disability, which refers to "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22," and also requires that a claimant meet the criteria set forth in one of four subsequent paragraphs. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. Paragraph C requires a showing of two distinct prongs. First, the claimant must demonstrate "[a] valid verbal, performance, or full scale IQ of 60 through 70." *Id.* Second, the claimant must have "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.*

The Commissioner concedes that the two Paragraph C prongs were met in this case, Def. Mot. at 5, but argues that the ALJ found that the listing had not been met "apparently because [Mr. Galt] did not exhibit the required deficits in adaptive functioning." *Id.* The fact that the Commissioner had to use the term "apparently" in defending the analysis highlights the fatal flaw in the ALJ's opinion: the ALJ did not discuss "deficits in adaptive functioning" at all. (Tr. 28). Instead, the ALJ concluded that Mr. Galt is "somewhat limited in functioning because of his physical or mental impairments[,]" which could, in some interpretations, constitute "deficits in adaptive functioning." *Id*. In light of the record showing Mr. Galt's participation in special education classes in high school, (Tr. 259), and his lack of any substantial gainful employment as an adult, (Tr. 33), I cannot conclude that the ALJ's failure to apply each of the relevant Listing criteria was harmless. Thus, I recommend remand for the ALJ to provide an appropriate analysis of Listing 12.05C.

In addition, in *Mascio*, the Fourth Circuit held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (internal quotation marks and citations omitted) (joining the Third, Seventh, Eighth, and Eleventh Circuits). The Fourth Circuit indicated that an ALJ might cure his error by explaining why a step three finding of a moderate difficulty in concentration, persistence, or pace does not translate into a limitation in a claimant's RFC. *Id.* Like in *Mascio*, the ALJ in this case determined at step three that Mr. Galt suffered from moderate difficulties in concentration, persistence, or pace. Specifically, the ALJ reasoned that, "[Mr. Galt] testified to having difficulty concentrating. Consultative examiner, Linda J. Schuerholtz notes him as able to follow three step directions and persist on task." (Tr. 28). However, in assessing Mr. Galt's RFC, the ALJ apparently attempted to limit him only to "simple routine tasks." (Tr. 29).

As in other cases confronted by this Court in the wake of *Mascio*, it seems entirely possible that the ALJ may have erred by finding moderate, rather than mild or no, difficulties at step three. *See, e.g., Powell v. Colvin*, Civil No. SAG-14-3233 (D. Md. Jun. 12, 2015) (unpublished). The opinion of Dr. Schuerholtz seems to support the notion that Mr. Galt can sustain concentration, at least for some period of time (although I note that her opinion does not address his ability to sustain concentration throughout an eight-hour workday). (Tr. 30). Ultimately, because the ALJ failed to explain his finding, I cannot discern why the ALJ appears to have reached contradictory conclusions about whether Mr. Galt does or does not have moderate difficulties with concentration, persistence, or pace, and I must recommend remand to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

Mr. Galt also alleges that the ALJ erred in the assignment of weight to the medical sources and in evaluating his credibility. Although I ascertain no error in those portions of the opinion, because I am recommending remand on other grounds, if the case is remanded, the ALJ can determine whether additional discussion of those issues is appropriate.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 11);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 10);

3. the Court REVERSE in part the Commissioner's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: May 24, 2017         /s/
                            Stephanie A. Gallagher
                            United States Magistrate Judge

5